**Mitchell MOORE, Plaintiff,**

v.

**Thelma BRANSON, et al., Defendants.**

**No. 90–0966C(6).**

United States District Court,
E.D. Missouri, E.D.

Jan. 28, 1991.

James Wuestling, Wuestling, James & DeVoto, St. Louis, Mo., for plaintiff.

Tamara Medler, Sandberg, Phoenix & Von Gontard, P.C., St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment.

Plaintiff filed this action against defendants pursuant to 42 U.S.C. § 1983, claiming a violation of due process. Specifically, the facts as alleged are as follows: Plaintiff, an inmate at Potosi Correctional Center, attempted to mail a letter to the St. Louis Post–Dispatch by sealing it and labelling it "Legal Mail." Defendant Branson, an employee of the mailroom, identified the letter as being incorrectly sealed and incorrectly labelled, and issued a conduct violation against plaintiff. The Missouri Department of Corrections and Human Resources (DOCHR) Inmate Mail Procedure provides that privileged mail (mail sent to or received from judges, attorneys, courts, etc.) may be delivered to the mailroom in a sealed fashion. DOCHR IS13–1.1(2)(B). However, DOCHR IS13–1.1(2)(e) provides that non-privileged mail must be delivered unsealed to the institutional mailroom or pick-up point.

Following the write-up against plaintiff, plaintiff was afforded a due process hearing, and ultimately, the charges against him were dismissed and expunged from his record. Prison officials accepted his argument that he was unaware of the mail regulations, and granted him "the benefit of the doubt." Plaintiff nevertheless filed this action against defendants, claiming a due process violation because of the "censorship" of his mail.

Summary judgment is appropriate absent a dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The facts of this case are virtually not in dispute. Therefore, this Court will determine if those facts support a finding as a matter of law in favor of one of the parties.

The Court finds that the plaintiff is not entitled to judgment as a matter of law. In fact, the Court does not even find a hint of a Constitutional violation. According to the affidavits and deposition of defendant Branson, plaintiff's letter was rejected because it was improperly sealed and improperly labelled. Branson stated that she never read the contents of the letter, and would have mailed it, had it been unsealed and not labelled "Legal Mail." Therefore, the conduct violation was not based on the content of the letter, but on the face of the envelope.

In response, plaintiff claims that defendants never mailed his letter, even after the conduct violation was expunged from his record. Yet, plaintiff admits that he never attempted to re-mail the letter and defendant Branson affied to that fact also. Plaintiff seems to be saying that defendants should have taken it upon themselves to re-mail the letter, absent his request, and that their failure to do so amounts to censorship.

The Court finds that these allegations do not present an arguable basis for finding a Constitutional violation. Prison mail regulations are permissible, in light of the need to preserve order and discipline, and maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Bumgarner v. Bloodworth*, 768 F.2d 297, 301 (8th Cir.1985). Plaintiff offers no argument or evidence that the regulations applied in his case are not well-tailored to protecting the interests of the defendants. In addition, plaintiff has not alleged any harm from the supposed due process violation. Although his record was expunged, he admitted that he never has attempted to re-mail the letter. Furthermore, he has not presented any evidence to support a finding that the defendants' actions were based on the content of his letter. Therefore, the Court finds that the defendants are entitled to judgment as a matter of law.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

An appropriate judgment shall accompany this memorandum and order.

## JUDGMENT

In accordance with the memorandum filed this date and incorporated herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants Branson, Wilkson, Conaway, Miller, Scott and Delo shall have judgment against plaintiff Moore and that plaintiff's complaint shall be dismissed with prejudice.

IT IS FURTHER ORDERED that each party shall bear its own costs.